```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                :
HAROLD BROWN, Sr. et al.,                                       :
                                                                :    ORDER DISMISSING
                                    Plaintiffs,                 :    COMPLAINT
         -against-                                              :
                                                                :    19 Civ. 11876 (AKH)
NATIONAL BANK OF PAKISTAN,                                      :
                                                                :
                                    Defendant.                  :
                                                                :
--------------------------------------------------------------- X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Defendant National Bank of Pakistan ("NBP") brings this motion to dismiss for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330(a), 1604, lack of personal jurisdiction, and failure to state a legally sufficient claim for relief. Def. Mot., ECF No. 16.  I hold that there is both subject matter and personal jurisdiction, but that the complaint should be dismissed for gross violation of the requirements of federal pleading, with leave to replead consistent with this Order.

      The complaint of 841 allegations, extending over 250 pages, states a claim against Defendant for aiding and abetting, conspiracy, and providing material support to terrorist organizations.  Plaintiff alleges that Defendant provided financial support and banking services to several notorious terrorist groups and terrorist fundraisers, among them, al-Qaeda.  Plaintiff alleges that NBP raised funds by "using its New York branch to convert the donations they received from outside Pakistan into U.S. dollars", which NBP then routed to terrorist syndicates. *Id.* ¶ 305.  Plaintiff alleges that Hafiz Khan, a terrorist operative, deposited funds with an NBP branch in the United States and in the process, communicated with U.S.-based employees of the bank.  Plaintiff also alleges that NBP's New York branch played an essential role in scrutinizing

transactions with the terrorist operatives, and knowingly ignored red flags and "Red Alerts" raised to allow the transactions to proceed. *Id.* ¶ 317.

Under the FSIA, agencies and instrumentalities of a foreign state are "presumptively immune from the jurisdiction of United States courts; unless a specified exception applies, a federal court lacks subject-matter jurisdiction over a claim against a foreign state." *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993). An agency or instrumentality is define as any entity "(1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) which is neither a citizen of a State of the United States . . . nor created under the laws of any third country." 28 U.S.C. § 1603(b). "[O]nly direct ownership of a majority of shares by the foreign state satisfies the statutory requirement" of § 1603(b)(2). *Dole Food Co. v. Patrickson*, 538 U.S. 468, 474 (2003).

75.2% of NBP's shares are owned by the State Bank of Pakistan which, in turn, is wholly owned by the Federal Government of Pakistan. Such indirect ownership is insufficient to invoke FSIA immunity. *See Filler v. Hanvit Bank,* 378 F.3d 213, 215-16 (2d Cir. 2004) (majority ownership of a bank by an organ of the Republic of Korea but controlled by the Korean Ministry of Finance and the Economy of the Republic of Korea constitutes indirect ownership and does not qualify for immunity under the FSIA).

The exercise of personal jurisdiction over NBP is governed by Fed. R. Civ. P. 4(k)(2), which requires that the defendant have sufficient contacts with the United States in general. *Siegel v. HSBC Holdings, PLC*, No. 17CV6593 (DLC), 2018 WL 501610, at *3 (S.D.N.Y. Jan. 19, 2018). Here, I find that NBP "has purposefully directed [its] activities at the forum and the litigation arises out of or relates to those activities" and that "assertion of personal jurisdiction is

reasonable under the circumstances." *Id.* (citing *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 136 (2d Cir. 2014)).  Plaintiff alleges that "[a]ll [of Defendant's] international transactions denominated in US Dollars are routed through United States of America."  Am. Compl. ¶ 279.  Additionally, based on his trial testimony, Hafiz Khan held at least two NBP account in the United States, and that the money "would go into the National Bank of Pakistan in the United States," and "then it would go over to Pakistan and someone would take it out at that end." *Id*. ¶ 220.  In the course of depositing funds with an NBP branch in the United States, Khan "communicated with U.S.-based employees of NBP about his transactions. . . [which] relied completely on NBP's U.S. branches and personnel."  *Id.* ¶ 304.

The exercise of personal jurisdiction is also consistent with New York's long arm statute, CPLR 302(a)(1) (personal jurisdiction is proper where (1) the defendant " 'transacted business within the state; and (2) the claim asserted ... arise[s] from that business activity').  NBP maintains a branch in New York, which allegedly converted the donations received from outside Pakistan into U.S. dollars, and were then withdrawn by terrorist operatives and regularly delivered to senior Taliban commanders in Afghanistan.  *Id.* ¶ 305.  Thus, Plaintiff plausibly alleges that Defendant's commercial activities, including transactions cleared through NBP's New York branch and the New York branch's special role in currency exchange, "were the means by which NBP provided critical assistance to terrorist organizations."  Am. Compl. ¶¶ 27, 303.

Furthermore, the complaint alleges that the New York branch specifically "ignored U.S. designations that would have stopped the transactions entirely."  Am. Compl.  ¶¶ 28, 306.  Plaintiff alleges that NBP's internal documents state that "NBP New York is playing [a] central role in providing the services of US Dollar international wire transfers to NBP Head Office and

domestic branches." *Id.* ¶ 315.  NBP's New York branch allegedly subjected each transaction to scrutiny under state and federal law; however, it knowingly ignored "the red flags and 'Red Alerts' these transactions raised." *Id.* ¶¶ 315, 317.  These plausible allegations of repeated transactions and involvement monitoring transactions confer personal jurisdiction.  *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161 (2d Cir. 2013) ("the selection and repeated use of New York's banking system, as an instrument for accomplishing the alleged wrongs for which the plaintiffs seek redress, constitutes purposeful availment . . . of the privilege of doing business in New York").

Plaintiff's amended complaint, spanning 250 pages and 841 paragraphs, however, is inconsistent with Fed. R. Civ. P. 8(a), which requires a short and plain statement of the claim.  The parties' submissions regarding the instant motion to dismiss and supplemental letters to the Court total over 200 additional pages, and over 300 pages of exhibits.  The complaint is dismissed with leave to replead consistent with Fed. R. Civ. P. 8(a) by February 16, 2021.  Defendant shall move or answer by March 12, 2021.  The parties shall appear for the initial case management conference on April 2, 2021, at 10 am.

Oral argument, currently scheduled for January 19, 2021, is hereby cancelled. The Clerk is instructed to terminate the open motions to dismiss the complaint and amended complaint, ECF Nos. 9, 16.

SO ORDERED.

Dated: January 13, 2021
New York, New York

/s/
ALVIN K. HELLERSTEIN
United States District Judge